CORMACK SHANNON *vs.* UNION RAILROAD COMPANY.

| 27 | 475 |
|----|-----|
| d28 | 296 |

MARCH 7, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, and Parkhurst, JJ.

(1) *Negligence. Fellow-servants. Master and Servant.*

Plaintiff, employed by defendant to clean switches on the road, was riding on one of defendant's cars, on Sunday, to reach a switch, having given the conductor an employee's ticket, furnished by defendant, when he was injured by a collision between the car and another car of defendant:—

*Held,* that plaintiff sustained the relation of an employee rather than that of a passenger, and the negligence was that of a fellow-servant.

(2) *Master and Servant. Sunday Law.*

*Held* further, that, even if the operation of the cars on Sunday was an illegal act, under Gen. Laws cap. 281, § 17, plaintiff was engaged in the like illegal purpose of performing work of his ordinary calling, and was without remedy.

TRESPASS ON THE CASE for negligence. Heard on petition of plaintiff for new trial, and denied.

(1)  BLODGETT, J.  The record shows that on Sunday, the 29th of June, 1902, the plaintiff, who was an employee of the defendant, had been engaged in cleaning a switch on the road of the defendant, and then boarded a car to proceed to another switch on the road to perform a similar task. He gave to the conductor an employee's ticket which had been furnished by the defendant company, and before reaching his destination was injured by a collision between the car on which he was riding and another car of the defendant company.

At the trial the plaintiff was nonsuited, on the ground that the negligence of which he complained was that of a fellow-servant, and to this ruling he duly excepted and preferred his petition for a new trial in this court.

The ruling of which he complains was a correct ruling. He was traveling to perform his customary work at the time of the accident, and clearly sustained the relation of an employee

rather than that of a passenger at that time. *Ionnone* v. *N. Y., N. H. & H. R. R. Co.,* 21 R. I. 452, and cases cited.

(2)   The plaintiff, however, contends that the act of the defendant in running its cars on Sunday was an illegal act, because in violation of the Sunday law of the State, viz. (Gen. Laws cap. 281, § 17): "Every person who shall do or exercise any labor or business or work of his ordinary calling, or use any game, sport, play, or recreation on the first day of the week, or suffer the same to be done or used by his children, servants, or apprentices, works of necessity and charity only excepted, shall be fined not exceeding five dollars for the first offence and ten dollars for the second and every subsequent offence."

He further contends that there could be no valid contract on his part to perform work and labor of his ordinary calling on Sunday, and, consequently, that the relation of master and servant, as aforesaid, could not exist, for the purposes of this case, on that day.

The argument does not convince us. If the operation of the cars on Sunday was lawful, as being a work of necessity, within the meaning of the statute, clearly he is not entitled to recover for the negligence of a fellow-servant. But even if the cars were being operated contrary to law at that time, the plaintiff was admittedly traveling on the very car so operated, for the like illegal purpose of performing work and labor of his ordinary calling on that day and for the express purpose of promoting and assisting in the like illegal running of other cars of the defendant on the same day and in the same manner.

To concede the plaintiff's contention would result in this absurdity, viz.: that he might have an action on the state of facts here shown to have existed on Sunday, although he could have had no action if the same facts had existed on any one of the six remaining days of the week; and it never has been held that the purpose of the Sunday laws was to give an action which otherwise could not be maintained. If the act of the defendant was illegal, the act of the plaintiff was equally so, and the law leaves him where it finds him, in accordance with the ancient maxim, "*In pari delicto potior est conditio defendentis.*"

Plaintiff's petition for new trial denied, and case remitted

to Superior Court with direction to enter judgment for the defendant.

*Gorman, Egan, and Gorman,* for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman, and Alonzo R. Williams,* for defendant.